UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOE J.W. ROBERTS, JR.,

Plaintiff,

v.

VILMA KHOUNPHIXAY, et al.,

Defendants.

Case No. 2:18-cv-00746-MJP-BAT

**ORDER DENYING MOTION TO APPOINT COUNSEL**

Joe J.W. Roberts, Jr., who is proceeding *pro se* and *in forma pauperis* in this civil rights action, has filed a motion to appoint counsel. Dkt. 24. For the following reasons, the Court **DENIES** the motion.

Generally, a person has no right to counsel in a civil action. *See Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir. 1998). The Court may appoint counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1), but only under "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). When determining whether "exceptional circumstances" exist, the Court considers "the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

ORDER DENYING MOTION TO APPOINT COUNSEL - 1

Mr. Roberts states he requires counsel because he is indigent and has been unable to retain counsel on his own, he has limited access to a law library and to paper and envelopes, and he is unable to pay for expert witnesses. He claims that he is likely to prevail on the merits of his claim because defendants did not file a motion to dismiss and despite his history of depression and suicidal tendencies, of which defendants were aware, they continued to place him in a unit where he could not be observed to prevent further possible suicide attempts. Dkt. 24 at 1-4.

Mr. Roberts has not demonstrated the existence of "exceptional circumstances" to support his request for appointment of counsel; he is plainly capable of articulating his claims pro se; and, he has not demonstrated that his allegations involve any sort of complex case or that he is likely to succeed on the merits.

The pleadings on file demonstrate Mr. Roberts is familiar with the court rules and law pertaining to his claims. He cites to appropriate cases to support his arguments. Dkt. 24 at 1-3. Mr. Roberts' complaints of the lack of library time and/or resources, paper and supplies, limited knowledge and financial resources are not exceptional circumstances as Mr. Roberts fails to show how this places him in a position any different from other *pro se* prisoner plaintiffs. Thus far, Mr. Roberts has shown an ability to articulate his claims in a clear fashion to this Court.

In addition, this is not a complex case involving complex facts or law. The case involves the question of whether defendants used excessive force in their treatment of Mr. Roberts in light of his threats of self-harm and suicide. Because the claim turns largely on facts which have not yet been fully developed, Mr. Roberts cannot demonstrate a likelihood of success on the merits at this stage in the proceedings.

Appointment of counsel is therefore not justified at this time, and the Court **DENIES** the motion (Dkt. 24).

The Clerk shall provide a copy of this Order to plaintiff and counsel for defendants.

DATED this 17th day of September, 2018.

  
BRIAN A. TSUCHIDA  
Chief United States Magistrate Judge

ORDER DENYING MOTION TO APPOINT COUNSEL - 3