UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOE J.W. ROBERTS, JR.,

    Plaintiff,

v.

VILMA KHOUNPHIXAY, et al.,

    Defendants.

CASE NO. 2:18-cv-00746-MJP-BAT

**ORDER GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

Defendants Jack Warner, Myron Ayala, Heather Helms, Vilma Khounphixay, Lindsay McIntyre, and Jana Robison (collectively, "Defendants"[1]) move pursuant to Rule 26(c) of the Federal Rules of Civil Procedure for a protective order from all current and anticipated discovery pending the Court's consideration of their pending motion for judgment on the pleadings. Dkt. 35.

**BACKGROUND**

Plaintiff Joe Roberts filed this 42 U.S.C. § 1983 civil rights action against Defendants on May 24, 2018. Dkt. 5. On September 11, 2018, Plaintiff propounded written discovery requests on Defendants (ten interrogatories and ten requests for production to each of the represented Defendants for a total of 60 interrogatories and 60 requests for production). Dkt. 36, Exhibit 1,

---

[1] These are all the named, represented parties at this time. There is one named, but unserved party who is identified only as "Lynn, Nurse" and "John Doe 1-3 Correctional Officers," who have not been further identified.

ORDER GRANTING DEFENDANTS'
MOTION FOR PROTECTIVE ORDER - 1

Declaration of Aaron Williams, Attachment A. Exhibit 1, ¶ 3. On September 21, 2018, Defendants filed a Motion for Judgment on the Pleadings, requesting that the Court dismiss Plaintiff's claims against them. Dkt. 33[2]. Defendants now seek a protective order from all current and future discovery while the Court considers their motion for judgment on the pleadings, which if granted will be dispositive of all of Plaintiff's claims against them.

Counsel for Defendants met with Plaintiff telephonically on Monday September 24, 2018 at 9:00 a.m. for a Fed. R. Civ. P. 26(c) conference regarding Plaintiff's discovery requests. Dkt. 36, Exhibit 1, Williams Decl., ¶ 2. After a good faith discussion, the parties were unable to reach an agreement. *Id.*, Exhibit 1, ¶ 2.

**DISCUSSION**

The court has broad discretionary powers to control discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). A court may, for good cause, relieve a party of the burdens and expense of discovery and may do so while a dispositive motion is pending. Fed. R. Civ. P. 26(c); *DiMartini v. Ferrin*, 889 F.2d 922, 926 (9th Cir. 1989), *amended by* 906 F.2d 465 (9th Cir. 1990); *Rae v. Union Bank*, 725 F.2d 478 (9th Cir. 1984).

Federal courts have applied a two-step test to determine whether a stay of discovery is appropriate until a dispositive motion has been decided. *Ministerio Roca Solida v. U.S. Dep't of Fish and Wildlife*, 288 F.R.D. 500, 503 (D. Nev. 2013). First, the pending motion must be dispositive of the entire case. *Id.* Second, the court must determine whether the pending motion can be decided without additional discovery. *Id.* In applying this test, courts take a preliminary peek at the merits of the dispositive motion to assess whether a stay is warranted. *Id.*

---

[2] Plaintiff's motion to extend his deadline to respond to this motion is noted for October 19, 2019. Dkt. 38.

ORDER GRANTING DEFENDANTS'
MOTION FOR PROTECTIVE ORDER - 2

After the close of pleadings, a party may move for judgment on the pleadings under Fed. R. Civ. P. 12(c). Judgment on the pleadings is appropriate if the moving party is entitled to judgment as a matter of law. *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988). The test for determining a 12(c) motion based on a plaintiff's failure to state a claim upon which relief can be granted is the same as the test applied to a 12(b)(6) motion for failure to state a claim. *Id*. A court will dismiss a claim if it lacks sufficient factual material to state a claim that is plausible on its face. Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Conclusory allegations that are unsupported by well-pleaded factual allegations must be disregarded on a motion to dismiss for failure to state a claim. *Id*. at 679.

Because a motion for judgment on the pleadings tests the sufficiency of the allegations of Plaintiff's complaint, the pending motion can be decided without additional discovery and because it appears Plaintiff has failed to allege sufficient factual material to state a claim that is plausible on its face, Defendants have a likelihood of success on the merits of their motion. In addition, Defendants have asserted the defense of qualified immunity.

It is well established that the defense of qualified immunity is meant to give government officials a right, not merely to avoid standing trial, but also to avoid the burdens of pretrial matters such as discovery. *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 525–26 (1985)). When government officials raise the issue of qualified immunity, the Supreme Court has held that if the court determines that an official is entitled to qualified immunity on any § 1983 claims for damages that are part of the action, the court should dismiss those claims prior to discovery. *See Mitchell*, 472 U.S. at 526; *see also Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987).

Accordingly, it is **ORDERED:**

1    (1)    Defendants' motion for protective order (Dkt. 35) is **GRANTED**.

2    (2)    All discovery, including discovery propounded by Plaintiff on September 11, 2018, is **STAYED** pending further order of this Court.

(3)    The Clerk shall send a copy of this Order to Plaintiff and counsel for Defendants.

DATED this 16th day of October, 2018.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge