UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOE J.W. ROBERTS, JR.,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>VILMA KHOUNPHIXAY, et al.,<br><br>　　　　　　　　Defendants. | CASE NO. 2:18-cv-00746-MJP-BAT<br><br>**ORDER DENYING MOTION FOR EXTENSION OF TIME TO COMPLETE DISCOVERY AND FOR COURT APPOINTED EXPERT WITNESS** |

Plaintiff Joe J.W. Roberts, Jr. requests an extension of time to complete discovery and for a court appointed expert witness. Dkt. 32. Also pending before the Court are Defendants' motions for judgment on the pleadings (Dkt. 33) and for a protective order staying all discovery pending adjudication of the motion for judgment on the pleadings. Dkt. 35. Defendants' motions are dealt with under separate order. For the reasons set forth herein, and because the motion for judgment on the pleadings, if granted, will be dispositive of all claims against Defendants, Plaintiff's motion for additional time to complete discovery is denied at this time. His motion for a court appointed expert witness is also denied as there is no authority or resources for the appointment of an expert witness to serve as plaintiff's advocate in this action.

**A.　　Court Appointed Expert**

Plaintiff moves for the appointment of a "neutral" expert witness to "provide expert opinion on whether or not this [not allowing Mr. Roberts to live in a safety cell indefinitely]

ORDER DENYING MOTION FOR
EXTENSION OF TIME TO COMPLETE
DISCOVERY AND FOR COURT
APPOINTED EXPERT WITNESS - 1

exposed [him] to serious harm"; to "provide insight into [his] psychological mind"; and to "promote accurate fact finding." Dkt. 32 at 1-2. Plaintiff states that he "would benefit with a[n] expert neutral witness" as he is "not a psychologist" nor does he "have a degree or certificate in psychology." *Id.* at 3.

Pursuant to Rule 706(a) of the Federal Rules of Evidence, "[t]he court may on its own motion or on the motion of any party enter an order to show cause why expert witnesses should not be appointed…." Fed. R. Evid. 706(a); *Walker v. American Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir.1999). Rule 702 provides that, "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." Fed. R. Evid. 702.

To the extent Plaintiff is seeking the appointment of an expert witness to assist him in preparing his case for trial, Plaintiff's motion is denied on the grounds that a court appointed expert witness does not serve that purpose. The function of an expert witness is to testify at trial to assist the trier of fact in understanding the evidence. Appointment of an expert under Rule 706 relieves the court and the jury from being "completely at the mercy of the parties' warring experts," and thus, only allows for the appointment of an expert who is a "genuine neutral." *In re High Fructose Corn Syrup Antitrust Litigation*, 295 F.3d 651, 665 (7th Cir. 2002). The rule does not allow for the appointment of an expert witness for Plaintiff's benefit alone.[1]

---

[1] Plaintiff's pro se and in forma pauperis status do not entitle him to a court appointed expert. *See Tedder v. Odel*, 890 F.2d 210, 211 (9th Cir. 1989). The in forma pauperis statute, 28 U.S.C. § 1915, "does not waive the payment of fees or expenses for witnesses." *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993) (citing *Tedder*, 890 F.2d at 211-12). If the Court deems it necessary to

ORDER DENYING MOTION FOR
EXTENSION OF TIME TO COMPLETE
DISCOVERY AND FOR COURT
APPOINTED EXPERT WITNESS - 2

To the extent Plaintiff is seeking the appointment of an expert witness to testify at the trial, Plaintiff's motion is denied on the grounds that his case does not depend on technical determinations but instead hinges on the intent of prison administrators. *See, e.g., Salcido v. Zarek*, 237 Fed.Appx. 151, 153 (9th Cir. 2007). Should the Court later determine that a neutral expert is necessary in this action, it may appoint such an expert and assess the costs as the Court deems appropriate. See Fed. R. Evid. 706(a); *Walker*, 180 F.3d at 1071.

Because there is no authority for the appointment of an expert witness to serve as plaintiff's advocate in this action nor is there a need for the specialized knowledge of a neutral expert to assist the trier of fact to understand the evidence or to determine a fact in issue, Plaintiff's request for the appointment of an expert is denied.

**B.      Request for 90 Day Extension of Discovery Deadline**

Pursuant to the Court's Scheduling Order, discovery is to be completed by October 25, 2018. Dkt. 20. Mr. Roberts requests a 90-day extension of the deadline because he does "not have enough legal paper to conduct discovery properly." Dkt. 32 at 1. According to Defendants, Plaintiff has propounded written discovery requests to Defendants (ten interrogatories and ten requests for production each to six of the defendants). Dkt. 36, Declaration of Aaron Williams, at 1. On September 27, 2018, Defendants filed a motion for judgment on the pleadings, which if granted, will dispose of all claims against them. Dkt. 33[2]. Under separate order, the Court has granted Defendants' motion for protective order staying all pending and future discovery until

---

appoint a neutral witness to assist the trier of fact, it may do so under Rule 706(b) and it has discretion to apportion costs to one side. *Pedraza v. Jones*, 71 F.3d 194, 196 (5th Cir.1995).

[2] Plaintiff's request for an extension of his deadline to respond to this motion is noted for October 19, 2019. Dkt. 38.

ORDER DENYING MOTION FOR
EXTENSION OF TIME TO COMPLETE
DISCOVERY AND FOR COURT
APPOINTED EXPERT WITNESS - 3

1 the Court has ruled on Defendants' motion for judgment on the pleadings. Accordingly,

2 Plaintiff's motion for additional time to complete discovery is denied without prejudice.

3 Accordingly, it is **ORDERED:**

4 (1) Plaintiff's motion to extend discovery and for the appointment of an expert (Dkt.

5 32) is **DENIED**.

6 (2) The Clerk shall send a copy of this Order to Plaintiff and counsel for Defendants.

7 DATED this 16th day of October, 2018.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

ORDER DENYING MOTION FOR
EXTENSION OF TIME TO COMPLETE
DISCOVERY AND FOR COURT
APPOINTED EXPERT WITNESS - 4