Todays date: 2-11-2019

Dear Clerk, I am efiling to you two motions. Can you please DKT these motions on the Magistrate Brian A. Tsuchida's Calender DKT, and James P. Donohue, and The objection on Marsha J. Pechman. These efiles are for two separate cases.

 Thank you

From: Joe J.W. Roberts Jr., (Plaintiff)
Address: ~~Monroe Correctional Complex~~ Washington Corrections Center
 ~~Po Box 514~~  Po Box 900
 ~~Monroe, WA 98272-0514~~ Shelton, WA 98584

1

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

To: Courts, Defendants

Fr: Joe J.W. Roberts Jr., (Plaintiff)

Honorable Judges: Brian A. Tsuchida

Marsha J. Pechman

No. C18-746-BAT-MJP —— Roberts v. Khounphixay et al.

APPOINTMENT OF COUNSEL AND OBJECTION AND
MOTION FOR MISCULANIOUS RELIEF UNDER FRCP 56(F)

### THE RIGHT TO BE FREE FROM ACTIVE INTERFERENCES.

I am a party to this suit and this Court has jurisdiction over the Plaintiff. I need to stress what is going on! I have noticed a pattern in what the Department of Corrections is doing to me. Ever since I filed this lawsuit, I have been transfered from one DOC facility to another DOC facility. This is unnecessary because DOC wont keep me at a facility for no longer than two weeks. After a week or two, I am transfered from Shelton to Monroe, then from Monroe to Shelton, then Shelton to Franklin County, then Franklin County to Shelton. I have been transfered at least 8-10 times approximately within a 45 to 80 day period. This has been ongoing since November 2018.

As a result, my mailing address is unstable, I'm recieving my e-files late, so late that It appeared they were withholding these sensitive documents. The latest I recieved my e-file was 50 days. I have not had any of my legal property since December 25th 2018.

I would like to point out the obvious. I understand that my being transfers to the Jail are necessary but when Doc transfers me to its facilities back and forth makes no sense and serves no penalogical purpose. like I explained in page one of this motion. Its Stymies, obstructs and intereferes with my ability to correspond with this Court.

I have a Constitutional right to be free from /unnecessary/ active /interferences.

Transfering plaintiff to and fro from institution within Doc serves no penalogical intrest or purpose.

### THE RIGHT TO HAVE MEANINGFULL ACCESS TO THE COURTS.

I have a constitutional right to access the Courts and access the law library. Because I am unable to access the law library, I am unable to support my aurguments with law and research the law to support my claims.

Transfering Plaintiff to and fro from institution to institution within DOC, deprives plaintiff of meeningfull access to the Courts and law library.

### PLAINTIFF'S CASE HAS MERIT.

1. My civil suit has merit. The Report and Recommendation shows the strenghths of my case and its merit. Defendants filed a 12(b)(2) motion to dismiss but the Courts recommends that my case not be dismissed. So in virtue my case has merit to proceed further. See DKT 56.

2. In the Courts Report and Recommendation, DKT. 56, the court stated that Defendants were responsible for some of the course of my treatment as alleged in my complaint. Plaintiff's case has merit to continue.

3. Khounphixay
Defendants admitted that she told me I will be moving to the IMU despite me notifying her I was suicidal. Khounphixay did absolutely nothing to ensure my safety. Then two days later, as Vilma promised she pre-arranged with custody to have me moved and despite me telling her I attempted suicide. Vilma admitted she had knoweledge but despite this Vilma consciously ignored this risk and had me put in the IMU. Vilma admitted this practically in her answer's. See DKT. 19. Plaintiff's case those has merit to move forward.

4. Plaintiff alleged in his complaint that he was placed in restraints as a form of punishment because I told her "I dont believe its a good idea to move me to the IMU." Because I was suicidal". Vilma admitted that she put me in restraints. Defendant Vilma admitted/argued that It was to transition me to the IMU because I refused. Then aurgued Keenan v. Hall, about how they can use restraints to move an uncooperative inmate to a new cell - not move put a inmate who was asleep and refused placement due to being suicidal into restraints for 10 hours for no reason, then transition him to new housing. Crap is nuts! Plaintiff's case and claims have merits!!! Plaintiff never once asked to be housed indefinitely in a suicide cell!

Plaintiff's case is still at the pleading stage and Plaintiff has made progress with ~~reatin~~ really doing nothing. My case is strong and has merit!

## COMPLEX ISSUES AND EXCEPTIONAL CIRCUMSTANCES.

1. Plaintiff will need to cross examine witnesses at trial and plaintiff will need to interview correctional officers and inmates. The plaintiff does not know the names of the inmates or C/O's. The C/O's were at my my cell and responded to my emergencies. The inmates were on the same unit and some of them heard me say I was suicidal some of them heard ~~me say~~ bang and self-harming. These statements are needed because it can prove that despite my being suicidal. Mental health continued to put me back in the same cell, and prove John Does were wrong.

2. One inmate I identified was /Doc # 260124/ James Williams/. Officers who pulled me out of my cell because Nurse Jana checked my injuries. Another RN, put bandaides on my hands and feet but I dont know the names of these C/O's or nurses. Another inmate who heard me screaming for an hour about needing help because I was so suicidal Mr. John Warren Melford Jr., I dont know where this inmate is. I will need all this to survive summary judgment too.

3. I have a constitutional right to litigate my case and collect statements, cross-examine witnesses and have a fair trial. I am unable to even afford to make copies at ¢.20. That's how

poor I am. My incarceration greatly hinder's and limits my ability to litigate. I cannot seek a job, I cannot access inmates and C/O's and witnesses in my case. I physically do not have the liberty nor the resources. I'm incarcerated and poor. These are COMPLEX ISSUES AND EXCEPTIONAL CIRCUMSTANCES. What if one of the C/O's, nurses or inmates left DOC by being fired or quitting or the inmate gets released from custody I would be unable to get a statement or discover this witness and/or cross/examine.

### PREJUDICES.

It is clearly obvious that even if I am articulate and can articulate my claims, I still have a constitutional right to cross-examine witnesses, obtain witness statements, prepare my case meaningfully and have a fair trial. I would clearly suffer substantial prejudices and possible irreparable damage to my suit!

I am unable to get statements, I am unable cross-examine, I'm unable to discover witnesses, I am prejudiced by this greatly due to being incarcerated. If one these undiscoverd or discovered witnesses were to be fired, or quit, or an inmate was released from prison and I was unable to gather a statement or cross-examine them. Then I would suffer irreparable damage to my suit!

### ~~RELIEF~~ SEEKING COUNSEL.

~~Please grant me an~~ Plaintiff has attempted to seek counsel and is unsucessfull.

1. Jefferey Kallis Civil attorney

2. Darryl Parker Civil Attorney (206) 557-7719.

3. The Hatte Law Firm in Tacoma WA.

4. Jeffry Finer in Spokane WA. Civil attorney.

### SUPPORTING CASE LAW TO SUPPORT MOTION.

In <u>Keenan v. Hall</u>, 83 F.3d 1083, 1093 (9th Cir., 1996) the Ninth Circuit held regarding "D. Access To THE COURTS: Inmates have a constitutional right to either assistance of a lawyer, or access to a law library. <u>Bounds v. Smith</u>, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977)."

In <u>Silva v. Vittorio</u>, 658 F.3d 1090, 11 Cal. Daily Op. Serv. 12255, 2011 Daily Journal D.A.R. 14545 (9th Cir., 2010), at [658 F.3d 1103]. The Ninth Circuit held, (we hold that prisoners have a right under the First and Fourteenth Amendments to litigate claims challenging their sentences or other conditions of their confinement to conclusion <u>without active interferences</u> by prison officials.)

The prison officials wont stop transfering me from prison to prison within DOC. I have been without my legal property for approximately three months. I'm recieving my e-files late. I just recieved DKT. 68 on 2/14/2019. As a result, I was /deprived/unable/ to respond to their response!

By virtue my rights are being yet again violated!

7 of 7

### RELIEF.

1. I pray this this court grants Plaintiff assistance of counsel. Please.

2. Please resend all e-files after (68 DKT). I did not receive DKT. 67, or any other DKT. after 68, send me any notification telling me if the court has adopted the report and recommendation, or not.

3. Please send Plaintiff a DKT. report history showing all the documents that were e-filed by all parties.

s/ Joe J.W. Roberts Jr.     x Feburary 17 2019
Washington Corrections Center
PO Box 900
Shelton, WA 98584