1

2          HONORABLE JUDGE MARSHA J. PECHMAN
           MAGISTRATE JUDGE BRIAN A. TSUCHIDA

3

4

5

6

7                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
8                            AT SEATTLE

9    JOE J.W. ROBERTS, JR.,                    NO.  2:18-cv-0746-MJP-BAT

10                            Plaintiff,        DEFENDANTS' RESPONSE TO
                                                PLAINTIFF'S THIRD MOTION
11         v.                                   REQUESTING APPOINTMENT
                                                OF COUNSEL
12   VILMA KHOUNPHIXAY, et al.,

13                            Defendants.

14         The Defendants, JACK WARNER, MYRON AYALA, HEATHER HELMS, VILMA

15   KHOUNPHIXAY, LINDSAY MCINTYRE and JANA ROBISON by and through their

16   attorneys, ROBERT W. FERGUSON, Attorney General, and AARON WILLIAMS,

17   Assistant Attorney General, respectfully submit their Response to Plaintiff's Third Motion

18   to Appoint Counsel. Dkt. 71.

19                    I.      RESPONSE

20   A.    Mr. Roberts Has Failed to Show Exceptional Circumstances Necessary for the
           Appointment of Counsel
21

22         There is no right to appointed counsel in cases brought under 42 U.S.C. § 1983. The court

23   may only request counsel to represent an indigent party in exceptional circumstances. *Wilborn*

24   *v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236

25   (9th Cir. 1984); *see* 28 U.S.C. § 1915(e)(1). The court has further discussed the requirement of

26   "exceptional circumstances" as follows:

DEFENDANTS' RESPONSE TO PLAINTIFF'S        1        ATTORNEY GENERAL OF WASHINGTON
THIRD MOTION REQUESTING                                      Corrections Division
APPOINTMENT OF COUNSEL                                         PO Box 40116
NO.  2:18-cv-0746-MJP-BAT                              Olympia, WA 98504-0116
                                                             (360) 586-1445

1

2

A finding of exceptional circumstances requires an evaluation of both "the likelihood of success on the merits [and] the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved."

3   *Wilborn*, 789 F.2d at 1331 (citations omitted).

4   Neither of the above-cited "factors is dispositive, and both must be viewed together

5   before reaching a decision." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (quoting

6   *Wilborn*, 789 F.2d at 1331).

7   Mr. Roberts has not demonstrated the existence of "exceptional circumstances" to

8   support his request for appointment of counsel because:  (1) he is plainly capable of articulating

9   his claims *pro se*; (2) he has not demonstrated that his allegations involve any sort of complex

10   case; and (3) he has not demonstrated a likelihood of success on the merits.

11   First, Mr. Roberts has clearly shown an ability to articulate his claims in a clear fashion

12   to this Court. The pleadings on file in this case demonstrate Mr. Roberts is familiar with the court

13   rules as well as the law pertaining to his claims. He has been able to navigate not only the rules

14   but also to conduct legal research and to cite appropriate cases to support his arguments. *See,*

15   *inter alia,* Dkt. 71, at 7. He claims that he is not able to represent himself because he is unable

16   to access a law library. But this allegation is belied by the fact that he was clearly able to cite

17   cases in his Motion. Dkt. 71, at 7. Thus his own Motion proves that he is able to conduct legal

18   research. Mr. Roberts has failed to carry his burden to demonstrate an inability to present his

19   claims to this Court without counsel.

20   Second, this is not a complex case. This case does not involve complex facts, or law.

21   Rather, it involves the simple question of whether Defendants used excessive force in their

22   treatment of Mr. Roberts in light of his threats of self- harm and suicide. And for the same reason,

23   Mr. Roberts has failed to demonstrate a likelihood of success on the merits. This Court should

24   deny Mr. Roberts's request for appointed counsel.

25

26

DEFENDANTS' RESPONSE TO PLAINTIFF'S
THIRD MOTION REQUESTING
APPOINTMENT OF COUNSEL
NO.  2:18-cv-0746-MJP-BAT

2

1

## II.   CONCLUSION

2    Mr. Roberts has failed to show he is entitled to appointment of counsel so Defendants

3    respectfully request that the Court deny his Motion.

4    RESPECTFULLY SUBMITTED this 21st day of February, 2019.

5
ROBERT W. FERGUSON
Attorney General
6

7    s/ Aaron M. Williams
AARON M. WILLIAMS, WSBA #46044
Assistant Attorney General
8    Corrections Division
PO Box 40116
9    Olympia WA  98504-0116
360-586-1445
10   AaronW@atg.wa.gov

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANTS' RESPONSE TO PLAINTIFF'S
THIRD MOTION REQUESTING
APPOINTMENT OF COUNSEL
NO.  2:18-cv-0746-MJP-BAT

3

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445

**CERTIFICATE OF SERVICE**

I hereby certify that on the date below, I caused to be electronically filed the foregoing DEFENDANTS' RESPONSE TO PLAINTIFF'S THIRD MOTION REQUESTING APPOINTMENT OF COUNSEL with the Clerk of the Court using the CM/ECF system which will send notification of the document to the following CM/ECF participants:

JOE JW ROBERTS  DOC #394089
Washington Corrections Center
docwccinmatefederal@doc1.wa.gov

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED this 21st day of February, 2019, at Olympia, Washington.

s/ Katrina Toal
KATRINA TOAL
Legal Assistant
Corrections Division
PO Box 40116
Olympia WA  98504-0116
360-586-1445
katrinat@atg.wa.gov

DEFENDANTS' RESPONSE TO PLAINTIFF'S
THIRD MOTION REQUESTING
APPOINTMENT OF COUNSEL
NO.  2:18-cv-0746-MJP-BAT

4

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445