UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOE JW ROBERTS JR,<br><br>                Plaintiff,<br><br>    v.<br><br>VILMA KHOUNPHIXAY,<br><br>                Defendant. | CASE NO. C18-746 MJP<br><br>ORDER ADOPTING IN PART MODIFYING IN PART REPORT AND RECOMMENDATION; GRANTING IN PART DENYING IN PART LEAVE TO AMEND; DENYING MOTION FOR PRELIMINARY INJUNCTION |

THIS MATTER comes before the Court on the Parties' Objections to the Report and Recommendation of the Honorable Brian A. Tsuchida, United States Magistrate Judge (Dkt. No. 56), Plaintiff's Motion for Leave to Amend the Pleadings (Dkt. No. 59), and Plaintiff's Motion for Injunctive Relief (Dkt. No. 66). Having reviewed the Report and Recommendation, the Objections (Dkt. Nos. 59, 63), Plaintiff's additional motions, and all related papers, the Court:

(1) ADOPTS in part, MODIFIES in part the Report and Recommendation;

(2) GRANTS in part, DENIES in part Plaintiff's Motion for Leave to Amend in part; and

(3) DENIES Plaintiff's Motion for a Preliminary Injunction.

**Background**

Plaintiff alleges that while he was an inmate at the Monroe Correctional Complex (the "MCC"), he was punished and deprived of mental health treatment while enduring eight days of suicidal ideations and self-harming behavior. (Dkt. No. 5.) Plaintiff now brings claims for violations of his Eighth and Fourteenth Amendment rights against various officers and treatment staff at the prison. The remainder of the relevant facts and procedural background are set forth in detail in the Report and Recommendation, which recommended dismissal of Jack Warner, Myron Ayala, Plaintiff's Fourteenth Amendment claims, and Plaintiff's claims for injunctive relief. (Dkt. No. 56.)

Plaintiff objects to the Report and Recommendation's dismissal of Defendants Warner and Ayala and seeks leave to amend his complaint with additional factual allegations against them. (Dkt. No. 59.) Plaintiff also seeks a preliminary and permanent injunction against use of the practices contested in this matter. (Dkt. No. 66.) Defendants object that the Report and Recommendation erred in denying them qualified immunity, did not consider "more likely" explanations for Defendants' behavior, and failed to consider that Defendants' actions were reasonable in light of the limited options available for treating suicidal or self-harming inmates. (Dkt. No. 63.)

**Discussion**

**I.    Legal Standards**

Under Federal Rule of Civil Procedure 72, the Court must resolve <u>de novo</u> any part of the Magistrate Judge's Report and Recommendation that has been properly objected to and may accept, reject, or modify the recommended disposition. Fed. R. Civ. P. 72(b)(3); <u>see also</u> 28 U.S.C. § 636(b)(1).

On a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), the Court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009) (citations omitted). The standard of review is identical to that of a motion for dismissal under Rule 12(b)(6). See McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988). Thus, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombley, 550 U.S. 544, 570 (1955)).

## II. Plaintiff's Objections/Motion for Leave to Amend

Plaintiff seeks leave to amend his Complaint in response to Magistrate Judge Tsuchida's recommendation that his claims against Defendants Jack Warner and Myron Ayala be dismissed.

### A. Defendant Jack Warner

The Report and Recommendation found that Plaintiff's allegations against Defendant Warner were mostly conclusory or statements of opinion. (Dkt. No. 56 at 10.) Plaintiff now seeks to amend the Complaint, adding the following allegations:

(1) Defendant Warner was responsible for arranging to have Plaintiff taken out of the safety cell without first assessing his mental state;

(2) Defendants Warner, Khounphixay, and an unknown lieutenant then moved Plaintiff out of his safety cell while he was sleeping into "a cell where no one could properly conduct 15 minute safety checks to ensure [Plaintiff's] safety . . . a cell with no camera, no suicide prevention, [n]or a suicide watch"; and

(3) Plaintiff told Defendant Warner that he attempted suicide over the weekend but Defendant Warner ignored Plaintiff and failed to notify the medical staff.

(Dkt. No. 59 at 1 2.)

Defendants oppose the Motion solely on the grounds that amendment would be futile. (Dkt. No. 65 at 1 2.) To state a claim under the Eighth Amendment, Plaintiff must plead that (1)

there is a "sufficient causal connection" between Defendant Warner's alleged wrongful conduct and Plaintiff's injury, and (2) Defendant Warner was deliberately indifferent to Defendant's safety. Starr v. Baca, 652 F.3d 1202, 1205-07 (9th Cir. 2011); Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Plaintiff's amended complaint satisfies both prongs. He now alleges Defendant Warner caused the Eighth Amendment violation at issue—disregarding his serious mental health needs and high risk of self-harm—by placing him in a cell "with no camera, no suicide prevention, [and no] suicide watch." (Dkt. No. 59 at 1 2; Dkt. No. 5, ¶ 26.) Plaintiff also describes Defendant Warner as deliberately indifferent. The test for whether a prison official acts with deliberate indifference is a subjective one: the official must "know[] of and disregard[] an excessive risk to inmate health and safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. As alleged, Defendant Warner knew that Plaintiff attempted suicide but moved him out of his safety cell without assessing his mental state, notifying the medical staff, or putting any suicide prevention measures in place. (Dkt. No. 59 at 1-2.) Plaintiff's amended complaint states a claim for relief against Defendant Warner.

**B. Defendant Myron Ayala**

The Report and Recommendation found that Plaintiff failed to state a claim against Defendant Myron Ayala. In his Complaint, Plaintiff alleges that when Defendant Ayala was rotating his limbs while he was in restraints, Plaintiff's limbs burned instantly from lack of circulation, but when he refused to continue with rotations, Defendant Ayala said, "no we are going to still tighten the other ones." (Dkt. No. 5, ¶¶ 5, 18; Dkt. No. 5, ¶ 18.) Based on these

allegations, Judge Tsuchida found that Plaintiff's pain was brief and minimal and concluded that Defendant Ayala's actions were reasonable given Plaintiff's behavior. (Dkt. No. 56 at 12.)

Plaintiff now seeks to amend his complaint, adding allegations that Defendant Ayala ordered "his officer to tighten all the restraints . . . to cause [] pain and suffering" and "severe psychological pain," and that he was in the restraints for "20-40 minutes," which was "torture." Plaintiff also alleges that Defendant Ayala "made [him] choke on water, while [he] was strapped down in restraints illegally by [Defendant] Khounphixay." (Dkt. No. 59 at 2.)

Plaintiff's conclusory statement to the contrary notwithstanding, his amended complaint fails to allege facts supporting the inference that Defendant Ayala intended to cause harm. Officer intent "serves as the core dividing factor between constitutional and unconstitutional applications of force." Hoard v. Hartman, 904 F.3d 780, 788 (9th Cir. 2018). But Plaintiff does not allege Defendant Ayala knew he was inflicting harm—that Plaintiff told Defendant he was hurt, cried out in any way before the restraints were tightened, or that Defendant perceived that the restraints were particularly tight—only that when Plaintiff refused to participate in further limb rotations, Defendant Ayala sought to continue the process. Without more, the Court cannot conclude that Plaintiff's amended pleading satisfies the intent prong necessary for an Eighth Amendment excessive force claim.

### III. Preliminary Injunction

Plaintiff seeks to enjoin Defendants from, among other things, placing him in a cell without adequate safety measures when he is suicidal and restraining him when he is not attempting to harm himself. (Dkt. No. 5, ¶ 52.) On November 15, 2018 the Report and Recommendation found that Plaintiff's request for injunctive relief was moot, as Plaintiff was no longer being held at the MCC. (Dkt. No. 56 at 19.) On December 19, 2018, Plaintiff again

1 requested injunctive relief, writing that he was back at the MCC and enduring additional

2 violations of his Eighth Amendment rights. (Dkt. No. 66 at 1-9.)

3       The Court finds the record insufficient to evaluate the merits of Plaintiff's Motion for

4 Injunctive Relief or the effect such relief would have on the operation of the prison. At the

5 pleading stage, the Court cannot determine questions of the claim's merit which require

6 submission of evidence, versus only a determination as to whether a claim has been plausibly

7 stated. Plaintiff's Motion for Injunctive Relief is therefore DENIED.

### IV. Defendants' Objections

Defendants object to the Report and Recommendation, arguing that it fails to consider whether: (1) Qualified immunity is appropriate given the facts in this case; (2) there are "more likely" explanations for Defendants' behavior; and (3) Defendants were not deliberately indifferent because their actions were reasonable. (Dkt. No. 63.)

#### A. Qualified Immunity

Defendants object that the Report and Recommendation erred in applying the "clearly established" law prong without evaluating whether, faced with the circumstances in this case—the Defendants believed Plaintiff could only be in the safety cell for short periods of time and believed that Plaintiff was self-harming, not suicidal—the Defendants acted reasonably. (Dkt. No. 63 at 2-5.) In determining whether the officers are entitled to qualified immunity, the Court considers (1) whether the relevant statutory or constitutional right was clearly established and (2) whether the officers could have reasonably believed their conduct was lawful. Sinaloa Lake Owners Ass'n v. City of Simi Valley, 70 F.3d 1095, 1099 (9th Cir. 1995).

Defendants argue it was reasonable to move Plaintiff from the safety cell because the Ninth Circuit has held that temporary—not long term—placement in a safety cell is

constitutional. (Dkt. No. 63 at 4 (citing Anderson v. Cty. of Kern, 45 F.3d 1310, 1313 (9th Cir.), opinion amended on denial of reh'g, 75 F.3d 448 (9th Cir. 1995)).) But Defendants' reliance on the Anderson holding, where the court declined to enjoin use of a safety cell—described in that case as scary, depressogenic, and severe—does nothing to support Defendants' argument here, where there are no allegations that the safety cell is similarly severe, and where Plaintiff is requesting its use while he is suicidal.

Defendants also contend they believed Plaintiff was self-harming, not suicidal so the failure to implement suicide prevention measures was reasonable. (Dkt. No. 63 at 4-5.) The issue, however, is whether by placing Plaintiff back in a cell with no safety precautions, Defendants were deliberately indifferent to the risk that Plaintiff would continue to harm himself. Describing Plaintiff's motivation for the "dead falls," head-first from his toilet as self-harm, rather than suicide, does not change the analysis. (Dkt. No. 5, ¶¶ 15, 26.)

### B. Plausibility Standard of Review

Defendants next object that the Report and Recommendation erred by failing to consider Defendants' proffered "more likely explanations," which contradict necessary elements of Plaintiff's claims. (Dkt. No. 63 at 6 (citing Iqbal, 556 U.S. at 678).) But the Report and Recommendation considered Defendants' "more likely explanations," making a finding that these explanations were not supported by evidence. (Dkt. No. 56 at 15.) And Defendants point to no authority implying that imaginative musings into an officer's motivation overcome factual allegations in the complaint. (See, eg., Dkt. No. 33 at 15, Defendants' Motion for Judgment on the Pleadings) ("[S]he could have had him placed in a restraint chair so that he could be safely moved to his new cell") (emphasis added).)

### C. Reasonableness

Finally, Defendants argue that the Report and Recommendation failed to consider the reasonableness of the Defendants' actions. (Dkt. No. 63 at 6 7.) To demonstrate deliberate indifference, an inmate must show that prison officials were aware of a "substantial risk of harm" to an inmate's health or safety, and "the prison officials had no 'reasonable' justification for the deprivation, in spite of th[e] risk." Thomas v. Ponder, 611 F.3d 1144 (9th Cir. 2010).

Defendants argue that placing Plaintiff in the restraint chair, then back in his cell was reasonable in this case, given their concern that a prolonged stay in the safety cell would be unconstitutional. (Id.) If, as Defendants contend, placing Plaintiff in the safety cell while he is suicidal amounts to a constitutional violation, the burden is on Defendants to find treatment options that do not involve deprivations of Eighth Amendment rights. It is inherently unreasonable to offer suicidal inmates one of two constitutional harms as their only treatment options.

**Conclusion**

The Court concludes that Plaintiff has stated plausible claims for relief against all Defendants except Myron Ayala, who is DISMISSED. Plaintiff's Motion for Leave to Amend his Complaint against Defendant Jack Warner is GRANTED. Plaintiff's Motion for a Preliminary Injunction is DENIED.

The clerk is ordered to provide copies of this Order to Judge Tsuchida, Plaintiff, and counsel for Defendants.

Dated April 22, 2019.

Marsha J. Pechman
United States District Judge

DENYING MOTION FOR PRELIMINARY INJUNCTION - 9