1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10  JOE JW ROBERTS, JR.,

11           Plaintiff,

12       v.

13  VILMA KHOUNPHIXAY, et al.,

14           Defendants.

CASE NO. C18-746 MJP

ORDER DENYING MOTION FOR RECONSIDERATION

This matter comes before the Court on Defendant Department of Correction's Motion for Reconsideration (Dkt. No. 118) of this Court's Order denying its Motion to Dismiss (Dkt. No. 112).

Motions for reconsideration are disfavored and ordinarily will not be granted "in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h)(1). Defendant has failed to make such a showing.

Defendant argues the Court erred in holding that the Rehabilitation Act ("RA") and the Americans with Disabilities Act ("ADA") apply where a plaintiff alleges that he was denied

medical treatment altogether. (Dkt. No. 118.) Citing <u>Simmons v. Navajo Cty., Ariz.</u>, 609 F.3d 1011, 1014 (9th Cir. 2010), Defendant asserts that "the Ninth Circuit specifically stated that 'depriving' the [p]laintiff in that case of 'programs or activities to lessen his depression' was not actionable under the ADA." (<u>Id.</u> at 2.) But from the face of Defendant's argument, it is clear the logical (and erroneous) leap it asks this Court to take.

As explained in the Court's previous Order, depriving Plaintiff of "programs or activities" that could help alleviate depression, <u>Simmons</u>, 609 F.3d at 1022, is distinguishable from Plaintiff's allegations here that he was denied medical treatment altogether on the basis of his disability. (Dkt. No. 112 at 7.) This type of discrimination is prohibited by the ADA, which provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. These "services" include prison medical services. <u>Pennsylvania Dep't of Corr. v. Yeskey</u>, 524 U.S. 206, 210 (1988). To adopt Defendant's proposed interpretation that the ADA and RA cannot apply even where Defendant has refused to provide basic medical treatment to Plaintiff for injuries such as head wounds because he suffers from mental illness would require the Court to find that Plaintiff does not have the federal constitutional right to medical treatment guaranteed to other prisoners on the basis of his disability. (FAC ¶¶ 29-31); <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976). That is not the holding of <u>Simmons</u>.

Unsurprisingly, given the extreme position Defendant asks this Court to take, "the vast weight of federal authority" Defendant cites does not support its position. Many of the cases are wildly off the mark or even contradict Defendant's arguments. (<u>See</u> <u>Schiavo ex rel. Schindler v. Schiavo</u>, 403 F.3d 1289, 1294 (11th Cir. 2005) (finding no ADA violation where the defendant

hospice withdrew medical care pursuant to a valid court order); Dinkins v. Corr. Med. Servs., 743 F.3d 633, 634 (8th Cir. 2014) (holding that allegations "of denial of meals and adequate housing by reason of [plaintiff's] disability can form the basis for viable ADA and RA claims."). And Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996), which Defendant also relied on in its Motion to Dismiss (Dkt. No. 95 at 6), is not persuasive, as its reasoning relies on the overturned assumption that the ADA does not apply to prison settings and disabled prisoners do not have the same rights to medical treatment as those without disabilities.  Compare Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("Even if there were (as we doubt) some domain of applicability of the [ADA] to prisoners, the Act would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners.") with Yeskey, 524 U.S. at 210 (holding that prisons are subject to the ADA and cannot deny medical services to prisoners on the basis of disability).

It is also worth noting that Defendant's arguments are not based on "new legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence," and are thus not appropriately before the Court on Defendant's Motion for Reconsideration. LCR 7(h)(1).

For these reasons, the Court finds that Defendant has failed to demonstrate manifest error in the Court's prior ruling and Defendant's Motion for Reconsideration is DENIED.

The clerk is ordered to provide copies of this order to all counsel.

Dated May 6, 2020.

*[signature]*

Marsha J. Pechman
Senior United States District Judge