|   |   |
|---|---|
| UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT SEATTLE | |
| JOE J.W. ROBERTS JR.,<br><br>            Plaintiff,<br><br>      v.<br><br>VILMA KHOUNPHIXAY, et al.,<br><br>            Defendants. | CASE NO. C18-746 MJP<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO EXCLUDE;<br><br>GRANTING PLAINTIFF'S MOTION TO STRIKE |

This matter comes before the Court on Plaintiff's Motions to Seal (Dkt. Nos. 126, 148) and Motion to Exclude Expert Testimony (Dkt. No. 124). Having reviewed the Motions, the Responses (Dkt. Nos. 138, 140, 153), the Replies (Dkt. Nos. 142, 143, 154), and all related papers, the Court GRANTS Plaintiff's Motions.

Plaintiff, Joe J.W. Roberts Jr., alleges that for several months while he was an inmate at the Monroe Correctional Complex he was punished and denied treatment while enduring suicidal ideations and self-harming behavior. (See Dkt. No. 92 ("FAC").) Plaintiff now seeks to seal two exhibits Defendants' filed in support of their pending Motion for Summary Judgment (Dkt. No. 127):

(1) "Mental Health Update," which contains information about Plaintiff's mental health treatment, diagnoses, and prognoses;

(2) "Psychiatric Progress Note," which also contains details about Plaintiff's mental health and treatment.

(Dkt. No. 130, Ex. No. 1)

"The local rules of this District recognize a strong presumption in favor of public access to the Court's files." Karpenski v. Am. Gen. Life Companies, LLC, No. 2:12-CV-01569RSM, 2013 WL 5588312, at *1 (W.D. Wash. Oct. 9, 2013) (citing Local Rules W.D. Wash. LCR 5(g)). "The Ninth Circuit has also recognized a strong presumption of public access to documents attached to dispositive motions." Id. (citing Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1179 (9th Cir.2006)). In order to overcome this presumption, Plaintiff must meet a "compelling reasons" standard to seal documents at the summary judgment stage. Id.

Here, Plaintiff has demonstrated a compelling reason. Id. (quoting G. v. Hawaii, 2010 WL 2607483 (D.Haw.2010) (("The need to protect medical privacy qualifies in general as a 'compelling reason.'"). The Court recognizes Plaintiff's right to keep detailed treatment notes concerning his mental health off the public docket. The Court therefore GRANTS Plaintiff's motions to seal. (Dkt. Nos. 126, 148.) The exhibit (Dkt. No. 130, Ex. 1) will be sealed for purposes of the motion for summary judgment. However, the Parties may later raise the issue of whether these documents will be sealed at trial.

**II. Motion to Exclude**

Plaintiff also seeks to exclude the expert testimony of Dr. Ryan Quirk and to preclude the individual defendants from testifying as experts. (Dkt. No. 124.) Pursuant to Fed. R. Evid. 104(a), "[p]reliminary questions concerning the qualification of a person to be a witness . . . shall

1  be determined by the court."  However, in making such determination, "care must be taken to
2  assure that a proffered witness truly qualifies as an expert, and that such testimony meets the
3  requirements of Rule 702," Jinro Am. Inc. v. Secure Inv., Inc., 266 F.3d 993, 1004 (9th Cir.
4  2001), as "'[e]xpert evidence can be both powerful and quite misleading because of the difficulty
5  in evaluating it.'" Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 595 (1993) (citation
6  omitted).  The proponent of the expert testimony has the burden of establishing the testimony's
7  admissibility by a preponderance of the evidence.  See Bourjaily v. United States, 483 U.S. 171
8  (1987).
9       Under Fed. R. Evid. 702, an expert witness may testify to "assist the trier of fact to
10 understand the evidence . . . if (1) the testimony is based upon sufficient facts or data, (2) the
11 testimony is the product of reliable principles or methods, and (3) the witness has applied the
12 principles and methods reliably to the facts of the case."  Although expert testimony is liberally
13 admitted under the Federal Rules, when evaluating the admissibility of expert testimony, a trial
14 court must be careful to avoid supplanting the adversary system or the role of the jury.  Tubar v.
15 Clift, No. C05-1154-JCC, 2009 WL 1325952, at *1 (W.D. Wash. May 12, 2009).
16     **A.  Dr. Quirk**
17      Having reviewed Dr. Quirk's Expert Report (Dkt. No. 125, Ex. 1), the Court concludes
18 that his "Primary Opinions" one through three should be excluded as improper legal conclusions.
19 In "Primary Opinion 1," Dr. Quirk opines that there "was no violation of the Eighth
20 Amendment," and in "Primary Opinion 2" he opines that there "was no evidence to support
21 Plaintiff's claim of deliberate indifference . . . nor that Mr. Roberts had been discriminated
22 against on account of his disability."  (Dkt. No. 125, Ex. 1 at 39, 41.)  Dr. Quirk's statements are
23 impermissible opinions on ultimate issues of law in this matter and are therefore excluded.
24

1  Dr. Quirk's Primary Opinion 3 concludes that "there is not sufficient evidence to establish causation" to prove damages for pain and suffering. (Id. at 42-43.) His conclusion is both an impermissible legal opinion and supplants the role of the jury, which is charged with determining damages from pain and suffering. See Tubar v. Clift, 2009 WL 1325952, at *1.

The Court also finds that Dr. Quirk has not presented any information to establish that the Diamond screening test he used to evaluate Plaintiff is a reliable method, as required by Rule 702. He therefore may not testify to opinions he has drawn from the Diamond screening test until Defendants have submitted a proffer validating Dr. Quirk's use of the test. The proffer should include a description of any training Dr. Quirk received in the use of the the test and information that validates the use of the test as applied to Plaintiff in the prison setting.

**B. Individual Defendants**

Plaintiff also objects to the individual Defendants—who were treatment providers at the Monroe Correctional Complex during the events at issue in this lawsuit—being named as experts. "A treating physician is generally regarded as a percipient witness with knowledge of the diagnosis and treatment in which he or she participated. If the physician's testimony is limited to such issues, no written report is required." Goodman v. Staples the Office Superstore, LLC, 644 F.3d 817, 824 (9th Cir. 2011) (citing Fed. R. Civ. P. 26(a)(2) advisory committee's note to 1993 amendment); see also Peeler v. Boeing Co., No. C14-0552RSL, 2015 WL 13841120, at *1 (W.D. Wash. Oct. 1, 2015). Because Defendants have not provided written reports, their testimony will be limited to their knowledge of Plaintiff's diagnosis and the treatment in which the individual Defendant participated. The Defendants may not give their opinions on the treatment offered by the other Defendants or by any of Plaintiff's other providers.

**Conclusion**

In conclusion:

(1) The Court GRANTS Plaintiff's Motions to Seal (Dkt. Nos. 126, 148) and SEALS the exhibits "Mental Health Update" and "Psychiatric Progress Note." (Dkt. No. 130, Ex. No. 1).

(2) The Court also GRANTS Plaintiff's Motion to Exclude (Dkt. No. 124).

    a. Dr. Quirk's "Primary Opinion" Nos. 1-3 are impermissible legal conclusions and are STRICKEN;

    b. Dr. Quirk may not testify as to opinions he has drawn from the Diamond screening test until Defendants have submitted a proffer validating Dr. Quirk's use of the test;

    c. Individual Defendants may testify as experts only as to their own treatment decisions.

The clerk is ordered to provide copies of this order to all counsel.

Dated September 23, 2020.

Marsha J. Pechman
United States Senior District Judge