UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOE J.W. ROBERTS JR., <br><br> Plaintiff, <br><br> v. <br><br> VILMA KHOUNPHIXAY, et al., <br><br> Defendants. | CASE NO. C18-746 MJP <br><br> ORDER GRANTING MOTION TO CERTIFY APPEAL AS FRIVOLOUS |

This matter comes before the Court upon Plaintiff's Motion for Certification that the Defendants' appeal is Frivolous. (Dkt. No. 170.) Having reviewed the Motion, the Response (Dkt. No. 171), the Reply (Dkt. No. 172), the Surreply (Dkt. No. 175), and all related papers, the Court GRANTS the Motion and certifies Defendants' appeal as frivolous.

**Background**

Plaintiff, Joe J.W. Roberts Jr., alleges that during the period from April 16 to May 7, 2018, while he was a prisoner at the Monroe Correctional Complex ("MCC"), he was denied treatment while he was suicidal and self-harming. (See Dkt. No. 92 at ("FAC").) He presents two types of claims based on these events: (1) Claims of cruel and unusual punishment under the

1  Eighth Amendment against Defendant Vilma Khounphixay, who was a psychiatric associate and

2  his assigned therapist during this period and (2) claims against the Department of Corrections

3  ("DOC") for violations of the Americans with Disabilities Act ("ADA") and the Rehabilitation

4  Act ("RA"). (Dkt. No. 170 at 2; FAC.)

5  On October 26, 2020 the Court denied Defendants' Motion for Summary Judgment.

6  (Dkt. No. 166.) Defendants have appealed based on Khounphixay's assertion of qualified

7  immunity and the DOC's contention it is entitled to Eleventh Amendment immunity. (Dkt. No.

8  167.) Plaintiff now asks that the Court certify the appeal as frivolous, which would allow the

9  Court to retain jurisdiction as the case proceeds toward the current May 24, 2021 trial date.

10  **Discussion**

11  **I.      Khounphixay's Qualified Immunity**

12  Khounphixay appeals the Court's Order denying summary judgment and rejecting her

13  argument that she is entitled to qualified immunity. The filing of a notice of appeal divests the

14  district court of jurisdiction over "those aspects of the case involved in the appeal." Griggs v.

15  Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). However, district courts retain

16  jurisdiction where the court finds that defendants' claim of qualified immunity is frivolous, or

17  has been waived, and certifies such in writing. Chuman v. Wright, 960 F.2d 104, 105 (9th Cir.

18  1992) (a frivolous or forfeited appeal does not automatically divest the court of jurisdiction). An

19  interlocutory appeal is frivolous "when the district court determines that factual issues genuinely

20  in dispute preclude summary adjudication" as to a plea of qualified immunity. Ortiz v. Jordan,

21  562 U.S. 180, 188 (2011); Johnson v. Jones, 515 U.S. 304, 319-20 (1995). In contrast, an

22  interlocutory appeal is permitted, and thus not frivolous, if the qualified immunity analysis

23

24

1  "do[es] not require resolution of factual disputes." Rodriguez v. Cty. of Los Angeles, 891 F.3d
2  776, 791 (9th Cir. 2018).

3  **A. Clearly Established**

4  "[The Ninth Circuit] may properly review a denial of qualified immunity where a
5  defendant argues . . . that the facts, even when considered in the light most favorable to the
6  plaintiff, show no violation of a constitutional right, or no violation of a right that is clearly
7  established in law." Ames v. King County, 846 F.3d 340, 347 (9th Cir. 2017). In this case,
8  Khounphixay argues that Plaintiff was not suicidal, did not require any treatment, and his claims
9  that he was entitled to treatment amount to a difference in opinion, not a constitutional violation.
10 (Dkt. No. 171 at 5-7.) But these arguments require the Court to construe the facts in the light
11 most favorable to Khounphixay, not Plaintiff. Khounphixay also misstates the holdings and
12 analysis of Ninth Circuit precedent in favor of cases from other Circuits that have limited
13 relevance to this case.

14 When denying Defendant Khounphixay's Motion for Summary Judgment, the Court
15 found that within days of reporting he was suicidal and then attempting suicide, Defendant
16 Khounphixay ordered Plaintiff taken out of a cell where he could be monitored, denied him
17 access to all further medical care, and placed him in solitary confinement until he reported he
18 was suicidal or self-harming, in which case he was tied to a chair or a bed until he recanted.
19 (Dkt. No. 166 at 15 (citing Dkt. No. 129, Ex. 16 at 84; Dkt. No. 130, Declaration of Vilma
20 Khounphixay ("Khounphixay Decl."), Ex. 7 at 33.)). Further, when Plaintiff reported he was
21 suicidal and self-harming during this period, Khounphixay told him he was "being
22 manipulative." (Dkt. No. 129, Ex. 8.) When Plaintiff did a "deadfall" off the toilet in his cell,
23 headfirst "intending to kill [himself] by snapping his neck on the ground," was knocked
24

1  unconscious, and urinated on himself, Defendant Khounphixay told Plaintiff "there was no
2  self-harm being done in [his] cell" and the notes from the incident indicate that "[m]ental health
3  was not involved." (Dkt. No. 147, Declaration of Harry Williams ("Williams Decl."), Ex. 8;
4  Khounphixay Decl., Ex. 8; Roberts Dep. at 66:8-10, 19; 67:10-25; Dkt. No. 129, Ex. 8.)).

5  Based on these facts, the Court held that Khounphixay was not entitled to qualified
6  immunity. This is because "[i]t is clearly established that the Eighth Amendment protects
7  against deliberate indifference to a detainee's serious risk of suicide." Conn v. City of Reno, 591
8  F.3d 1081, 1102 (9th Cir.2010), judgment vacated, City of Reno, Nev. v. Conn, 563 U.S. 915
9  (2011), and opinion reinstated, 658 F.3d 897 (9th Cir.2011). And it is clearly established that
10 denying a prisoner access to appropriate medical care is an Eighth Amendment violation. Ortiz
11 v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989) (quoting Cabrales v. County of Los
12 Angeles, 864 F.2d 1454, 1461 (9th Cir.1988); see also Van Orden v. Downs, 609 F. App'x 474,
13 475 (9th Cir. 2015) (citing Conn, 591 F.3d at 1102 (additional citations omitted) ("It was 'clearly
14 established,' at least as early as 2005, 'that the Eighth Amendment protects against deliberate
15 indifference to a detainee's serious risk of suicide.'"); Hunt v. Dental Dep't, 865 F.2d 198, 201
16 (9th Cir. 1989) (quoting Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir.1984)) ("Prison
17 officials are deliberately indifferent to a prisoner's serious medical needs when they 'deny,
18 delay, or intentionally interfere with medical treatment.'").

19 In Conn, the Ninth Circuit held that "[a]n official's deliberate indifference to a substantial
20 risk of serious harm to an inmate—including the deprivation of a serious medical need—violates
21 the Eighth Amendment . . . ." Conn, 572 F.3d at 1054-55 (citing Farmer v. Brennan, 511 U.S.
22 825, 828 (1994)). "A heightened suicide risk or an attempted suicide is a serious medical need."
23 Id. at 1055. Refusing to provide Plaintiff with any medical or mental health treatment after he
24

reported he was suicidal, attempted suicide, and described his injuries to Khounphixay following that attempt is deliberate indifference to Plaintiff's serious medical need.

Khounphixay argues that this case solely involves a difference in medical opinions, not a constitutional violation. But Khounphixay's argument was raised by the officers in Conn and rejected by the Ninth Circuit:

> It is true that Clustka underwent several medical evaluations in the days before and after she tried to choke herself in the paddy wagon, and that only one of these evaluations found her to be at serious risk of harm. The defendants argue that, for this reason, the evaluations establish that Clustka did not present a serious health risk. <u>Their interpretation, however, is not conclusive; rather, the conflict in the evaluations in itself raises a genuine issue of fact for the jury to resolve.</u>

591 F.3d at 1095 (emphasis added). "The defendants' attempts to cast doubt on the gravity of [the detainee's] words and actions merely create a fact question for the jury to resolve." Id. at 1056. Here too, Khounphixay's arguments are factual and are not appropriate for an interlocutory appeal.

Khounphixay asks the Court to ignore Ninth Circuit precedent based on cases from other circuits that she contends "better fit[] the specific circumstances of this case." (Dkt. No. 171 at 5.) But the cases she cites are inapposite, presenting "the question [of] whether the Eighth Amendment requires Florida prison officials to treat all inmates with chronic Hepatitis C . . . with expensive, state of-the-art 'direct acting antiviral' (DAA) drugs" Hoffer v. Sec'y, Fla. Dep't of Corr., 973 F.3d 1263, 1266 (11th Cir. 2020), and whether a plaintiff who was sent to a specialized treatment center for testing and medical observation, was tested repeatedly, received opinions and second opinions from specialists, and was treated all the while with pain medication while receiving numerous other accommodations was subject to cruel and unusual punishment, Wilson v. Adams, 901 F.3d 816, 819 (7th Cir. 2018). The Court cannot ignore cases from the Ninth Circuit that address treatment for suicidal and self-harming inmates in favor

of cases from other circuits addressing the reasonableness of alternate courses of treatment when the evidence here, viewed in the light most favorable to Plaintiff, establishes that he received no treatment.

Khounphixay "did not need a more detailed standard to be aware that [her] indifference violated [Plaintiff's] constitutional rights, and no subsequent case has undermined the deliberate indifference standard in the context of custodial suicide." Van Orden, 609 F.App's at 475. If blocking all treatment—both medical and mental health—from a suicidal, self-harming prisoner is not deliberately indifferent, it is difficult to imagine what is. But certainly, any reasonable official would know it was a violation of Plaintiff's constitutional rights during this period to place him in restraints whenever he reported he was suicidal, while placing him in unsupervised solitary confinement the remainder of the time. Khounphixay's arguments require the Court to resolve facts in her favor; otherwise she cannot show that there was no violation of a constitutional right based on Ninth Circuit precedent. Her appeal is therefore frivolous.

**B. No Applicable Policy**

Khounphixay also argues that because she complied with all applicable policies she is entitled to qualified immunity. She relies on Brown v. Mason, where the Ninth Circuit found that prison officials were entitled to qualified immunity because they confiscated the plaintiff's personal photographs "pursuant to official prison policies," which were not "'patently violative of constitutional principles.'" 288 F. App'x 391, 392 (9th Cir. 2008) (quoting Dittman v. California, 191 F.3d 1020, 1027 (9th Cir.1999)). Khounphixay made this argument in her motion for summary judgment, submitting a declaration stating that she "followed all applicable DOC policies in creating a second IBMP for Mr. Roberts" and "followed all policies when [she] recommended Mr. Roberts for restraint chair or restraint bed placement." (Khounphixay Decl.,

1  ¶¶ 7, 13.) But Khounphixay does not cite any policies except the IBMP, which she now argues

2  is not a "policy" within the holding of Brown. (Dkt. No. 171 at 11.) She also cites "Primary

3  Opinion 2" from her expert Dr. Ryan Quirk's report, where he concludes that her actions were

4  consistent with DOC policy. (Dkt. No. 131, Ex. 1 ("Expert Report of Ryan Quirk, Ph.D").) But

5  this opinion was stricken by the Court as an unsupported conclusion on an ultimate issue of law.

6  (Dkt. No. 158 at 3.)

7  Khounphixay has not pointed to a specific policy because there is no policy that permits

8  prison officials to deny all treatment to a suicidal or self-harming prisoner, while placing him in

9  restraints until he recants any suicidality. Such a policy would be "patently violative of

10 constitutional principles." Brown, 288 F. App'x at 392. Because Khounphixay's conduct—

11 when viewing the facts in Plaintiff's favor—would not be in alignment with any constitutional

12 policy, her argument here is frivolous.

13 **II.    DOC's Appeal**

14 Defendant DOC also appeals the Court's Order denying it Eleventh Amendment

15 immunity. Denial of Eleventh Amendment immunity is subject to an interlocutory appeal

16 pursuant to the collateral order doctrine. Puerto Rico Aqueduct & Sewer Auth. v. Metcalf &

17 Eddy, Inc., 506 U.S. 139 (1993). Interlocutory appeals under the collateral order doctrine divest

18 the court of jurisdiction pursuant to "a judge made rule originally devised in the context of civil

19 appeals to avoid confusion or waste of time resulting from having the same issues before two

20 courts at the same time." United States v. Claiborne, 727 F.2d 842, 850 (9th Cir. 1984).

21 "Recognizing the importance of avoiding uncertainty and waste, but concerned that the appeals

22 process might be abused to run up an adversary's costs or to delay trial, [the Ninth Circuit] ha[s]

23

24

authorized the district court to go forward in appropriate cases by certifying that an appeal is frivolous or waived." Rodriguez, 891 F.3d at 790-91.

The DOC argues that Plaintiff's ADA and RA claims are barred by the Eleventh Amendment because the "Eleventh Amendment prohibits Roberts from naming DOC as a defendant for his Eighth Amendment medical claims." (Dkt. No. 171 at 11-12.) But Plaintiff did not bring Eighth Amendment medical claims against the DOC, he brought claims under the ADA and the RA. (See FAC ¶¶ 73-90.) And the ADA applies to state prisons.[1] Pennsylvania Dep't of Corr. v. Yeskey, 524 U.S. 206, 210 (1998). This means that "the State is not entitled to Eleventh Amendment immunity under Title II of the ADA." Phiffer v. Columbia Rover Corr. Inst., 384 F.3d 791, 792 (9th Cir. 2004). The DOC's appeal, based on claims that do not exist, and in contravention of Supreme Court and Ninth Circuit precedent, is the type of appeal designed to abuse the process and delay trial; it is frivolous.

### III. Defendants' Motion to Strike

Defendants move to strike Plaintiff's declaration and its attachment submitted in support of his Reply brief (Dkt. No. 173), as well as arguments based on this evidence. (Dkt. No. 172 at 5-6.) Plaintiff has submitted portions of Khounphixay's deposition transcript where she admits it is "not in policy to deny services" and states that DOC policies do not define "mental illness." (Dkt. No. 173, Williams Decl., Ex. 1 at 89: 19-90:2, 91:1-6.) Relying on the DOC's "glossary of terms" for Policy 670.020, which defines serious mental illness, Plaintiff argues in his Reply that "Khounphixay was even unaware that DOC policy defines serious[] mental ill[ness]." (Dkt. No. 172 at 5.) Although other portions of Khounphixay's deposition were previously submitted,

---

[1] Because Title II of the ADA was modeled after § 504 of the Rehabilitation Act of 1973, "[t]here is no significant difference in analysis of the rights and obligations created by the ADA and the Rehabilitation Act." Zukle v. Regents of the Univ. of Cal., 166 F.3d 1041, 1045, n. 11 (9th Cir. 1999).

1 neither these deposition excerpts nor the "glossary of terms" were formerly part of the record.
2 The Court finds, however, that the additional excerpts contradict Khounphixay's declaration that
3 she "followed all applicable policies" and complete the record, which will allow the Circuit to
4 better weigh the Parties' arguments.

5 Defendants also move to strike Plaintiff's "citation to new cases." (Dkt. No. 175 at 4-5.)
6 Because these citations support Plaintiff's primary argument that the law in this Circuit clearly
7 establishes that Defendant Khounphixay's actions violated Plaintiff's Eighth Amendment rights,
8 and the citations accurately reflect the law, the Court DENIES Defendants' Motion.

**Conclusion**

Because Khounphixay's arguments for appeal would require, at the very least, contorting the facts in her favor and ignoring case law from the Ninth Circuit, and because the DOC is appealing a denial of summary judgment for claims Plaintiff has not pled, where there is clear Supreme Court precedent allowing the claims that do exist, the Court GRANTS Plaintiff's Motion and certifies Defendants' appeal as frivolous.

The clerk is ordered to provide copies of this order to all counsel.

Dated January 22, 2021.

Marsha J. Pechman
United States Senior District Judge